Mathews, J.
delivered the opinion of the court.* The plaintiff states himself to have been the owner of a certain slave, named and described in the petition, and that being about to leave the city of New Orleans, he made a bill of sale of said slave, for the purpose of having him better protected, during his absence, to a certain John Al- *270 SOp WR0 died before his return, and that the slave fell into the hands of his curator ; and was sold by him, as making part of the estate—-thaj he never received a consideration for the slave, and that the feigned purchaser gave, at the time of the transfer, a counter letter, shewing the property still to remain in the plaintiff. He concludes with a prayer, that the defendant be decreed to reconvey the slave, and, if that cannot be done, that judgment may be rendered for the price.
It appears, from the statement of facts, that the feigned sale to Alsop was made by an authentic act, and the statement of facts also establishes the principal allegations in the petition.
On the part of the defendant, it is contended, that as the legal title of the slave was in Alsop, at the time of his death, the sale made by his curator, according to the provisions of the law, gives a clear and indisputable title to the purchaser, under said sale, and consequently no decree can be made for a re-conveyance.
It is further urged, on the part of the defendant, that the plaintiff has no right to recover the price of said slave, belonging to him, as the rep. resentative of the thing sold: but can only be considered in the light of any other creditor of the *271 deceased, to be paid, according: to the rank and privilege of his claim.
1 he judgment of the parish court being for the defendant, the plaintiff appealed.
It is clear that, if the slave had remained unsold in the possession of the curator of Alsop’s estate, he would have been bound to reconvey him, according to the stipulation, in the counter letter. For, the feigned sale, as between the original parties, did not destroy the light of property of the seller. But, after the sale and transfer, in administering the estate of the deceased, in whom was the legal title, to a bona fide purchaser, the plaintiff has no longer a right to recover the thing sold, because the fair purchaser cannot be affected by the private and concealed agreement, which existed between the parties to the fictitious sale.
Notwithstanding the plaintiff’s right, to recover bark the slave, is thus lost, we are of opinion that it would be contrary to justice and equity^ to suffer the estate of the intestate to be increased, by the price of a thing which did not belong to him. Under the circumstances of this case, the price, in the hands of the curator, represents the slave and ought to be paid over to the plaintiffr
It is, therefore, ordered, adjudged and decreed, that the judgment of the parish court be annulled *272 avoided and reversed, and this court, proceeding ⅜ .... ° to give such a judgment, as in their opinion ought to have been given in the parish court ; it is ordered, adjudged and decreed, that the plaintiff and appellant recover from th¿ defendant and ap-pellee the sum of 8967, with legal interest thereon from the judicial demand, being the proceeds of the sale of said slave, by the register of wills.

 DeubignYj J. did not join in this opinion^ being prevented from attending by indisposition.